# EXHIBIT B

## CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY MARYLAND
### Civil Branch Division – Upper Marlboro

**JANEE JEFFERSON**
704 Castlewood Dr
Largo, MD 20774

Case No. C16CV25000010

    Plaintiff,

v.

**Jefferson Capital Systems**
<u>Serve</u>: CSC-Lawyers Incorporating Service Company
    7 St. Paul Street, Suite 820
    Baltimore, MD 21202

**National Credit Systems**
<u>Serve</u>: The Corporation Trust Incorporated
    2405 York Road, Suite 201
    Lutherville Timonium, MD 21093

**Verizon Communications, Inc.**
<u>Serve</u>: The Corporation Trust Incorporated
    2405 York Road, Suite 201
    Lutherville Timonium, MD 21093

**Equifax Information Services, Llc**
<u>Serve</u>: CSC-Lawyers Incorporating Service Company
    7 St. Paul Street, Suite 820
    Baltimore, MD 21202

**Experian Information Solutions, Inc**
<u>Serve</u>: The Corporation Trust Incorporated
    2405 York Road, Suite 201
    Lutherville Timonium, MD 21093

**Trans Union, LLC**
<u>Serve</u>: CSC-Lawyers Incorporating Service Company
    7 St. Paul Street, Suite 820
    Baltimore, MD 21202

    Defendants.

### COMPLAINT AND JURY DEMAND
(For Defamation)

The Plaintiff, Janee Jefferson, sues the Defendants and states the following:

1

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action against Defendants for violating the Fair Credit Reporting Act ("FCRA"), Fair Debt Collection Practices Act ("FDCPA"), and the common law torts of defamation.

## PARTIES TO ACTION

2.      Plaintiff is a natural person residing in the state of Maryland.

3.      National Credit Systems ("NCS") is a debt collector.

4.      Jefferson Capital Systems ("JCS") is a debt collector.

5.      Verizon Communications, Inc. ("Verizon") is a telecommunications company.

6.      Equifax is a consumer reporting agency ("CRA") as defined in 15 U.S.C. § 1681a(f), and it disburses consumer reports to third parties for monetary compensation.

7.      Experian is a CRA as defined in 15 U.S.C. § 1681a(f), and it disburses consumer reports to third parties for monetary compensation.

8.      Trans Union is a CRA as defined in 15 U.S.C. § 1681a(f), and it disburses consumer reports to third parties for monetary compensation.

## FACTUAL ALLEGATIONS

9.      In March 2024, Plaintiff submitted a request on www.AnnualCreditReport.com for all three of her credit files from the CRAs.

10.     None of the CRAs provided Plaintiff with her credit files.

11.     Plaintiff submitted a complaint about the CRAs with the CFPB.

12.     CRAs responded to CFPB complaint by either giving an illegitimate excuse for not providing Plaintiff with her file or by falsely promising to send the file (never came).

13.     Plaintiff obtained her report from www.Experian.com. But her report contained significantly less information than her file.

2

14. On her report were several inaccurate accounts.

15. Plaintiff disputed several of the inaccurate accounts, including accounts reported by Credit One Bank, Kohls/Cap One, Merrick Bank, JCS, NCS, Nordstrom/TD Bank, First Premier, Prince Georges Community Federal Credit Union, Resurgent/LNVN Funding, and Verizon Wireless.

16. Plaintiff also disputed four inquiries that were *not* authorized by Plaintiff or any other permissible purpose under the FCRA. Those inquiries included an inquiry from Discover Financial Services, Apple Financing, Ally Financial and Capital One Auto Finance.

17. The accounts reported by Credit One Bank, Merrick Bank and Kohls/Cap One were inaccurate or incomplete because they omitted relevant information regarding the status and payment history of that account.

18. The accounts reported by First Premier and Prince George's Community Federal Community were inaccurate or incomplete in the same way as the accounts in paragraph 16, but worse. Plaintiff had insurance that paid her debt with First Premier. If First Premier did not receive the insurance payment, then it was something that First Premier did. The credit union made a mistake by charging Plaintiff for an overdraft on an account that was not set up for overdraft. And when Plaintiff tried to pay the debt, the credit union told her not to worry about it.

19. Plaintiff is being reported as late on the Nordstrom / TD Bank account in November 2022, but she was not late.

20. There is a Verizon Wireless account on Plaintiff's report, but Plaintiff does not and has not had cell phone service with Verizon Wireless. T-Mobile has always been her cell phone provider and any account under Plaintiff's name that has a different provider must be fraudulent.

21. There are three collections on Plaintiff's report(s). JCS is reporting the same Verizon Wireless account that was referenced in paragraph 19. NCS is reporting that Plaintiff owes

3

rent to Northampton Apartments, which an apartment complex that Plaintiff did not live in or sign a lease with. Resurgent/LVNV Funding is reporting a collection based on a debt owed to Webbank. The reported amount, open date and account number do not correspond to any debt that Plaintiff owed to Webbank,

22. Plaintiff disputed the accounts identified in paragraphs 15 through 201with Experian and forwarded the same dispute letter to both Equifax and Trans Union.

23. The CRAs did not investigate Plaintiff's dispute(s).

24. Instead of investigating the dispute(s), the CRAs forwarded the dispute to the furnishers and waited to parrot the furnishers' response(s) to the dispute(s).

25. None of the furnishers did a reasonable investigation of the dispute(s) they received from the CRAs.

26. When the furnishers received Plaintiff's dispute(s), they checked their database storing the information that is furnished to the CRAs and made sure the information in that database matched with the information being reported by the CRAs.

27. None of the furnishers investigated the accuracy and completeness of the information in their databases.

28. Verizon, JCS and NCS should have investigated how and who opened the account. Had it done so, Verizon would have learned that Plaintiff did not open the account and that she was not responsible for the debt.

29. The CRAs did not forward Plaintiff's dispute of the inquiries to the furnisher, source of information or anyone to investigate Plaintiff's dispute(s). Nor did the CRAs investigate Plaintiff's dispute(s) of the inquiries. The CRAs did nothing more but then to receive the dispute(s) and truncate them.

30. The CRAs prepared credit reports on Plaintiff and sold them to several third parties, including Plaintiff's existing creditors and potential creditors. The credit reports contained the inaccurate accounts identified in paragraphs 15 through 21 and impermissible inquiries identified in paragraph 16, and caused Plaintiff not to qualify for credit.

## COUNT ONE: VIOLATIONS OF FDCPA
### (as to defendants NCS and JCS)

31. Plaintiff incorporates paragraphs 1 through 30.

32. Although Plaintiff disputed the debt with Verizon and her file reflected her dispute, JCS reported the Verizon debt without noting that the account was disputed. JCS was in possession of information that made it aware of Plaintiff's dispute and JCS' failure to communicate to Experian that the debt was disputed when it reported the collection to Experian was a violation of 15 U.S.C. § 1692e(8).

33. Both NCS and JCS violated 15 U.S.C. § 1692e(8) by reporting debts that they knew, or should have known, were not Plaintiff's debts.

34. NCS and JCS violations have caused Plaintiff to suffer damages, including out-of-pocket costs and expenses, loss of credit opportunities and emotional distress.

## COUNT TWO: VIOLATION(S) OF FCRA

35. Plaintiff incorporates paragraphs 1 through 34.

36. Equifax, Experian and Trans Union violated 15 U.S.C. § 1681e(b) by failing to utilize reasonable procedures when preparing and furnishing Plaintiff's credit reports to various third parties.

37. Equifax, Experian and Trans Union violated 15 U.S.C. § 1681i(a) by failing to conduct a reasonable investigation of Plaintiff's disputes.

5

38. Equifax, Experian and Trans Union violated 15 U.S.C. § 1681i(a) by failing to make correct modifications to disputed information that was inaccurate, incomplete or unverifiable.

39. Equifax, Experian and Trans Union violated 15 U.S.C. § 1681i(a) by failing to delete disputed information that was inaccurate, incomplete or unverifiable.

40. Equifax, Experian and Trans Union violated 15 U.S.C. § 1681i(a) by failing to provide Plaintiff with dispute/investigation results.

41. Equifax, Experian and Trans Union violated 15 U.S.C. § 1681g(a) by failing to provide Plaintiff with her credit file after a valid request.

42. Verizon, NCS and JCS violated 15 U.S.C. § 1681s-2(b)(1) by failing to conduct a reasonable investigation and properly respond to Plaintiff's disputes.

43. The Defendants' failure to comply with their statutory obligations for respond to Plaintiff's disputes were the result of policies, practices, and procedures that they intentionally implemented to save money and increase profits.

44. As a result of the Defendants' violations, Plaintiff suffered actual damages, including but not limited to: out-of-pocket costs and expenses, loss of credit, damage to credit profile and reputation, embarrassment, humiliation and other mental and emotional distress.

45. The violations by Defendants were willful, rendering them liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

46. Plaintiff is entitled to recover actual damages, costs and attorney's fees from Defendants pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT THREE: DEFAMATION
(as to Verizon, NCS and JCS)

47. Plaintiff incorporates paragraphs 1 through 34.

48. Verizon, NCS and JCS report information about Plaintiff every month to the CRAs.

49. The CRAs furnished third parties with credit reports for Plaintiff that contained the inaccurate credit items on a regular basis.

50. Verizon, NCS and JCS' reporting constituted defamatory statements as the reportings were injurious to Plaintiff's financial and business profile.

51. Verizon, NCS and JCS knew that their false reporting would cause Plaintiff to be denied credit or hamper and obstruct Plaintiff's ability to obtain credit.

52. Verizon, NCS and JCS' false and defamatory reporting caused Plaintiff to suffer damages, including but not limited to: pecuniary costs, damage to her financial reputation, loss of credit opportunity and emotional and mental distress.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays:

A. That the Court award $50,000 in actual damages for Counts I, II and III;

B. That the Court award maximum statutory damages for Counts I and II;

C. That the Court award maximum punitive damages for Count I, II and III;

D. That the Court award costs and any reasonable attorneys' fees; and

E. That the Court award prejudgment and post-judgment interest.

Respectfully submitted,

*Janee Jefferson*
Janee Jefferson
Pro Se Plaintiff
704 Castlewood Dr
Largo, MD 20774
Tel: (202) 689-5318
Email: Janeelive@icloud.com

7